1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          No.  2:10-CR-223-JAM

12                Plaintiff,

13        v.                            **ORDER DENYING DEFENDANT'S MOTION**
                                        **FOR JUDGMENT OF ACQUITTAL**
14   HODA SAMUEL, et al,

15                Defendants.

16

17        Presently before the Court is Defendant Hoda Samuel's

18   ("Defendant") Rule 29 Motion for Judgment of Acquittal (Doc. #

19   324).[1]  The government opposes the motion (Doc. # 335).

20        Defendant moves for acquittal on counts 1-31 arguing that

21   the evidence was insufficient for a rational juror to conclude

22   beyond a reasonable doubt that Defendant is guilty on each and

23   every count.  The government opposes the motion on the basis that

24   Defendant does not identify what elements of each count or what

25   aspect of the government's case was unsupported by sufficient

26   _____

27   [1] This matter was determined to be suitable for decision without
     oral argument.  See United States v. Green, 89 F.3d 657, 660 (9th
28   Cir. 1996).  The hearing was originally scheduled for April 30,
     2013.

                                        1

1 | evidence.

2 |     "Rule 29(a) requires the trial court to grant a motion for

3 | judgment of acquittal 'if the evidence is insufficient to sustain

4 | a conviction.'"  United States v. Hazeem, 679 F.2d 770, 772 (9th

5 | Cir. 1982).  Specifically, the court determines if "any rational

6 | trier of fact could have found the essential elements of the

7 | crime beyond a reasonable doubt."  United States v. VonWillie, 59

8 | F.3d 922, 928 (9th Cir. 1995).  "The district court's function in

9 | reviewing a defendant's motion for acquittal is quite narrow. The

10 | court, after viewing the evidence in the light most favorably to

11 | the government, must determine whether the jury could reasonably

12 | find the defendant guilty beyond a reasonable doubt."  United

13 | States v. Bernhardt, 840 F.2d 1441, 1448 (9th Cir. 1988).  "[I]t

14 | is the jury's exclusive function to determine the credibility of

15 | witnesses, resolve evidentiary conflicts, and draw reasonable

16 | inferences from proven facts."  Id. (citation omitted).

17 |     As the government argues, the crux of Defendant's defense

18 | was that she did not know about or participate in the fraud that

19 | occurred at her company perpetuated by people who she employed.

20 | The existence and scope of the fraud was not seriously disputed.

21 | The jury did not credit Defendant's position and found that she

22 | was a knowing participant in the fraud.  The evidence included

23 | documents with Defendant's signature related to fraudulent

24 | transactions in which she was admittedly involved.  The evidence,

25 | viewed in the light most favorable to the government, was

26 | //

27 | //

28 | //

1    therefore sufficient for a rational jury to make a finding of

2    guilty on all 31 counts.  Defendant's motion is accordingly

3    denied.

4         IT IS SO ORDERED.

5    Dated: May 1, 2013

6                        JOHN A. MENDEZ,

                          UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28