BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
TODD A. PICKLES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED
DEC 23 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

HODA SAMUEL,

Defendant.

CASE NO. 2:10-CR-00223 JAM

**ORDER AND FINDINGS RE: MEDICAL ISSUES AND SURRRENDER TO THE BUREAU OF PRISONS**

This matter came before the Court on December 18, 2013, on remand from the Ninth Circuit Court of Appeals to conduct an evidentiary hearing with respect to medical issues relating to Defendant Hoda Samuel. As set forth in the Ninth Circuit's Order, these issues included Samuel's "current medical issues, her impending surgery scheduled for January 28, 2014, when appellant would be able to report to [BOP] to begin her sentence if surgery occurs on January 28, 2014, and whether BOP is capable of offering appellant the needed surgery, and if so, when such a surgery could be scheduled." The Court heard testimony from Dr. David Mankse (the defendant's treating orthopedic surgeon), the defendant's friend Gloria King, and the defendant herself. The Court also received and considered a sworn declaration by Dr. James Pelton, Western Regional Medical Director for the United States Bureau of Prisons. Finally, during the hearing, the Court received into evidence various exhibits submitted by the

parties, primarily consisting of correspondence from Dr. Manske and medical records relating to defendant. Having heard, read, and considered all of the evidence and the arguments of the parties, the Court made findings on the record with respect to the issues identified by the Ninth Circuit. Attached to this Order and incorporated by reference is a copy of the portion of the hearing transcript setting forth those findings. For the reasons set forth therein: 1) defendant Hoda Samuel is ordered to surrender to the custody of the Federal Medical Center, United States Bureau of Prisons, at Carswell, Texas, or the United States Marshal's Office at the Robert T. Matsui Federal Courthouse, no later than 2:00 p.m. on January 6, 2014;[1] and 2) the United States is ordered to file a copy of this Order and the attached transcript with the Ninth Circuit.

IT IS SO FOUND AND ORDERED.

Dated: 12-23-2013

HONORABLE JOHN A. MENDEZ
United States District Judge
Eastern District of California

[1] At the hearing, the Court ordered defendant to surrender on January 5, 2014. Because that date falls on a Sunday, the defendant's surrender date is continued one day to January 6, 2014.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---oOo---

BEFORE THE HONORABLE JOHN A. MENDEZ, JUDGE

---oOo---

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR. S-10-223

HODA SAMUEL,

Defendant.

______________________________/

---oOo---

REPORTER'S TRANSCRIPT

COURT'S RULING

WEDNESDAY, DECEMBER 18, 2013

---oOo---

Reported by: KELLY O'HALLORAN, CSR #6660

APPEARANCES

For the Plaintiff:

    UNITED STATES ATTORNEY'S OFFICE
    501 I Street, Suite 10-100
    Sacramento, CA  95814
    BY:  PHILIP A. FERRARI
        TODD A. PICKLES
        Assistant U.S. Attorneys

For the Defendant:

    MATTHEW GILMARTIN
    ATTORNEY AT LAW
    9267 Basswood Drive
    Olmsted Falls, OH  44138

SACRAMENTO, CALIFORNIA

WEDNESDAY, DECEMBER 18, 2013, 3:15 P.M.

---oOo---

(Excerpt of proceedings.)

THE COURT: Okay. All right. The matter having been submitted to the Court, the Court's prepared to rule on the issues presented to the Court by the Ninth Circuit's order, in order of the listing in the Ninth Circuit's December 4, 2013, order.

I do, in part, adopt -- actually, in all adopt the arguments of the government with respect to these four -- there are actually four issues, as I count them.

Her current medical issues, the Court finds, include the fact that she does currently have leg swelling. She is in bed most of the day. She is in an assisted-living facility and does need assistance with basic living skills, including toileting, bathing, dressing. She is in pain. That is obvious to the Court. She is on pain medications which are designed to help her deal with that pain. It is clear to the Court that it is difficult for her to walk, if not impossible, according to her testimony, and she is, the Court has seen even today, right now wheelchair bound.

But the surgery that gives rise to this motion, this request, is, as the government has indicated, and it is clear from even Ms. Samuel's doctor, an elective surgery. It is

not an emergent surgery. And Dr. Manske has made it clear that while she is markedly uncomfortable, she is not in danger. And what he has indicated and said right at the end, it's his personal preference. But personal preference of a doctor is not the standard to be applied by the Court in this situation given that Ms. Samuel is a convicted felon, the conviction occurred back in January of 2013, and she was sentenced back in August of 2013.

And the problem, Mr. Gilmartin, as you come into this case at this point in time is that you have not been through and experienced the history of this case which, as the government has suggested, suggests that these medical issues are, in fact, being used for purposes of delay. And that's the Court's greatest concern.

I did, in fact, postpone Ms. Samuel's initial report date to allow her an opportunity to have this surgery. And there does seem -- not seem, there is a history in this case dating as far back as January of Ms. Samuel raising medical issues for purposes of arguing that the proceedings should be delayed.

And the second issue is the impending surgery. While Dr. Manske did testify that he has it scheduled for January 28th, 2014, the Court does agree with the government's argument and does find that history would suggest that that surgery is not in any way guaranteed to go

forward. In fact, given the history in this case and the further delays outlined in the government's brief, I would be somewhat surprised if, in fact, that surgery went forward on January 28th. Again, the finding being that history would suggest otherwise.

And again, coming back to the point that this is an elective surgery, not an emergent surgery. It's already been delayed several, several months. And I don't think that that issue carries much weight with the Court that there is at least a scheduled surgery right now.

The third issue that the Ninth Circuit asked me to make findings on is when she would report to the Bureau of Prisons if, in fact, surgery occurred at Kaiser on January 28th. Assuming that there was surgery on January 28th, Dr. Manske made it clear that a best-case scenario would be a discharge that may take from 2 to 4 days, and then in his letter, he indicates that a best-case scenario is 8 to 12 weeks. That would put us into May of 2014.

But again, he was honest, very honest in terms of what's realistic with respect to Ms. Samuel, and that is really a recovery period of somewhere between four to five, even maybe six months, which then puts us all the way into August of 2014. That's 20 months after a conviction in a serious case involving numerous felonies, and it's almost a year after sentencing.

Again, it's difficult for the Court to allow this one defendant that type of leeway in terms of reporting. I allow voluntary surrenders when the case warrants. I allowed a voluntary surrender in this case. But I have never allowed a voluntary surrender of that length without some type of showing of absolute necessity or good cause.

And then, finally, I think the issue that also turns in favor of the government is the issue of whether the Bureau of Prisons could offer the defendant the necessary medical care and, if so, when that medical care, including surgery, could be scheduled. The affidavit makes it clear that the Bureau of Prisons could, in fact, and the Court so finds, offer the defendant the medical care that is needed. And that may or may not include the surgery which is, as everyone who is a medical professional has testified, is, again, elective, not emergent.

Obviously, Dr. Pelton isn't going to outline in detail the exact medical plan for Ms. Samuel until the facility has had an opportunity to thoroughly evaluate her, evaluate her in person and review her medical records and medical history with her.

Again, to the bureau's credit, instead of simply assigning her to a general population in a federal prison, they designated a medical center for Ms. Samuel in a facility that is, again, not your, as some people may imagine, a

typical general population federal prison setting, but again, a facility designed to deal with federal prisoners with medical issues such as Ms. Samuel.

The bottom line here is that there is, in the Court's view, an insufficient showing of good cause to delay Ms. Samuel's report date any further.

Again, look at Dr. Manske's letter of December 2nd, because what struck me in that letter is he says, "It is much to her advantage to have the procedure done here." But an advantage isn't the standard that I think this Court should be applying. It's really the issue of, as Mr. Gilmartin has argued, is there some cruel and unusual punishment, some type of constitutional violation that Ms. Samuel would be exposed to if she, in fact, was required to report to the medical facility in Texas. And while it is her preference, obviously, to delay reporting to prison as long as possible, the Court's order ordering and requiring her to report does not rise to the level of cruel and unusual punishment.

And in most of these, if not all of these Eighth Amendment cases involving medical issues, the standard is, as Mr. Gilmartin discussed, deliberate indifference. There is certainly not deliberate indifference going on here. And, in fact, she will be thoroughly evaluated when she does report to the medical facility in Texas.

This case doesn't come anywhere near a cruel and

unusual punishment or deliberate indifference case that this Court sees day in and day out.

It's, again, a case where history has made it clear that these medical issues, as the government argued, are likely to continue to occur and to be used by the defendant to delay reporting as long as possible. And again, given that she can be treated within the setting of incarceration, the Court finds that the request to delay her date to report is denied. That the sufficient showing has not been made to order further delay of her report date.

The Ninth Circuit order issued a stay -- it was issued on December 4th -- for a period of 30 days. I won't advance that, but I am ordering that Ms. Samuel report no later than 2:00 p.m. on January 5th, 2014, to the institution designated by the Bureau of Prisons which is, again, the Federal Medical Center in Carswell, Texas. So again, the report date is now, absent any further order from any other court, no later than 2:00 p.m. on January 5th, 2014.

MR. GILMARTIN: May I ask the Court a short question?

THE COURT: Go ahead.

MR. GILMARTIN: I understand that she was required to report to either Carswell or to the federal marshals in Sacramento.

THE COURT: It is. And that will still be the order, if that's what she prefers.

MR. GILMARTIN: Okay.

THE COURT: It's just that her transportation to Carswell, I think, would be delayed somewhat. If she reports herself, she'd go right into the medical facility and could do that. And you might want to check with the marshals as to how long it might take to get her to Texas if she reports here. But if she reports here, then she's fulfilled the Court's order.

MR. GILMARTIN: Thank you, your Honor.

THE COURT: Okay. If you want to prepare an order, you may. Obviously, the record is what it is, and the transcript is there if someone needs to review it. But if you want, in addition, an order on the docket, feel free to prepare one, and I'll take a look at it and sign it.

MR. FERRARI: Thank you, your Honor.

THE COURT: Okay. Thank you.

MR. GILMARTIN: Thank you.

(Proceedings concluded at 3:27 p.m.)

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Kelly O'Halloran

KELLY O'HALLORAN, CSR #6660