| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | AMY SCHULLER HITCHCOCK<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, California 95814 |
| 4 | Telephone: (916) 554-2700 |
| 5 | Attorneys for Plaintiff/Respondent |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff/Respondent,<br><br>v.<br><br>HODA SAMUEL,<br><br>　　　　　　Defendant/Movant. | CASE NO. 2:10-cr-0223 JAM KJN P<br><br>[PROPOSED] ORDER GRANTING MOTION FOR AN ADDITIONAL EXTENSION OF TIME |

Movant Hoda Samuel is a federal prisoner, proceeding pro se, with a motion under 28 U.S.C. § 2255, filed on September 24, 2018. On April 24, 2019, respondent requested a 60-day extension of time to file a response. This is the government's third request for extension of time.

Background

On November 6, 2018, the court issued its briefing order, requiring the government to respond to the § 2255 motion within thirty days. On December 7, 2018, the undersigned granted Assistant U.S. Attorney ("AUSA") Philip Ferrari's request for extension of time, and the response deadline was extended to February 4, 2019. AUSA Ferrari left the U.S. Attorney's office on January 11, 2019.

On January 23, 2019, the undersigned granted AUSA Amy Hitchcock's request for a 90-day extension, which was based on AUSA Ferrari's departure, AUSA Hitchcock's extended leave until April 1, 2019, and movant's multiple claims requiring legal and factual research, including obtaining documents, which was further delayed by the government shut-down.

1

On January 30, 2019, after the court granted the extension, movant filed an opposition to the government's prior request for further 90-day extension, pointing out that respondent had already received 90 days to respond. Movant objected that she seeks an immediate reversal of the charges through her § 2255 motion, cannot afford counsel as the government and court have wiped out her funds, and she is in constant pain because she was denied a thirty-day extension of her self-surrender date so she could obtain surgery. She provided a copy of her MRI results reporting an impression of (1) "changes of ankylosing spondylitis in the thoracolumbar spine, mild-to-moderate in severity;" and (2) "mild superimposed degenerative changes." (ECF No. 826 at 4.)

The government now seeks an additional sixty days in which to file a response. The AUSA reports that she returned to work on April 1, 2019, at which time she diligently began preparing the government's response. However, despite her diligence, she needs additional time to review and analyze the voluminous record, conduct legal and factual research into movant's myriad claims, and collect documentary evidence. Movant's projected release date is September 21, 2022.

Discussion

Typically this court grants parties only two extensions of time. However, this case is not typical. Indeed, there are 832 docket entries in this complex felony mail fraud case alleging multiple counts, as well as conspiracy to commit mail fraud and make false statements in mortgage applications, involving ten different defendants, including movant, who was indicted on June 10, 2010. The docket reflects an eight day jury trial, subsequent motions practice by movant, and a direct appeal. Movant was convicted on January 22, 2013, of one count of conspiracy and thirty counts of mail fraud, sentenced to 120 months in federal prison on August 15, 2013, and her conviction was affirmed by the Ninth Circuit on October 5, 2016.

Moreover, as noted by respondent, movant's 52 page § 2255 motion purportedly raises eight claims for relief, but actually includes about 17 separate sub-topics underlying such claims. Contrary to movant's claim, her self-surrender date was extended several times.[1] In addition, movant raises wide-

---

[1] Movant was sentenced on August 15, 2013, at which time it was represented that she was scheduled for hip replacement surgery on August 19, 2013. Her self-surrender was set for November 15, 2013, in part on the representation that she would have surgery and a period of recovery. However, the surgery did not take place, but was re-set for November 12, 2013. (ECF Nos. 493, 494.) On November 27, 2013, movant's surrender date was extended to December 4, 2013. (ECF No. 505.) On December 4, 2013, the Ninth Circuit temporarily granted movant's request to stay her surrender for a period of 30 days

ranging claims against movant's own counsel, the district court, the United States, as well as many others.

Finally, the briefing on the § 2255 motion was further delayed by the departure of the assigned AUSA, and the subsequent assignment to an AUSA who was on extended leave, and the delay was compounded by the government shut-down from December 22, 2018 to January 25, 2019.

Following review of the case history, and for all of the reasons discussed above, the undersigned finds good cause, over movant's objections, to grant respondent an additional sixty days in which to respond.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's request for an additional 60-day extension (ECF No. 832) is granted; and
2. Respondent shall file a response on or before July 5, 2019.

Dated: April 26, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hoda0223.eot3

---

and remanded the case to the district court to conduct an evidentiary hearing as to movant's request to stay her surrender date in order to obtain hip surgery. (ECF No. 514.) The district court held an evidentiary hearing on December 18, 2013, at which Dr. Manske, movant's orthopedic surgeon, testified that the surgery sought was elective, not emergent. (ECF No. 527-1 at 3-4.) The district court noted multiple delays in the surgery taking place, and found that movant's history in the case suggested she was using her medical condition to delay her self-surrender date. (Id. at 4-5.) But importantly, the district court also found that the Bureau of Prisons offers movant the medical care she needs, and in fact, assigned her to a medical center in a facility designed to deal with federal prisoners with medical issues such as Samuel's. (Id. at 5, 6.) Movant was ordered to surrender on January 5, 2014. (Id. at 8.) Thus, despite being sentenced on August 15, 2013, movant was not required to surrender until 143 days later (4 months, 21 days), almost a full year after her January 22, 2013 conviction.

3